UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV1725 RLW |
| | ) | |
| HOME DEPOT, JAIMIE PENNINGTON, | ) | |
| CITY OF BRENTWOOD, OFFICER: JOHN | ) | |
| DOE (1), JOHN DOE (2), and JOHN DOE (3), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Brentwood's Motion to Dismiss for Failure to Prosecute (ECF No. 33). Defendants Home Depot[1] and Jaimie Pennington have joined in the motion (ECF Nos. 35, 36). Plaintiff Calvin Burke ("Plaintiff") has not filed a response, and the time for doing so has expired. Upon consideration of the motion and the docket in this matter, the Court will grant the motion and dismiss Plaintiff's cause of action for failure to prosecute.

## I. Background

On April 29, 2019, Plaintiff filed a *pro se* Civil Rights Complaint in the Circuit Court of St. Louis County, Missouri against Brentwood Police Department, Home Depot, Jaimie Pennington, and Officer John Does 1 to 3. (ECF No. 3) On June 19, 2019, Defendant Brentwood Police Department removed the cause of action to federal court on the basis of federal question jurisdiction. (ECF No. 1) On June 20, 2019, Defendant Brentwood Police Department filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

---

[1] Defendant Home Depot is properly known as Home Depot U.S.A., Inc. (ECF No. 35)

Federal Rules of Civil Procedure. (ECF No. 5) Defendants Home Depot and Jaimie Pennington filed a separate partial motion to dismiss on July 11, 2019. (ECF No. 12) Plaintiff did not file a timely response, and on July 29, 2019, the Court ordered Plaintiff to show cause by August 9, 2019 why he failed to respond to the motions to dismiss. (ECF No. 14) The mail was returned as undeliverable. (ECF Nos. 15, 16) However, in October 2019, Plaintiff filed a notice of change of address and, on October 21, 2019, Plaintiff requested leave to file an amended complaint. (ECF Nos. 20, 21) By leave of Court, Plaintiff filed an Amended Civil Rights Complaint on November 4, 2019, eliminating the Brentwood Police Department and adding the City of Brentwood as a named Defendant. (ECF No. 23)

In the First Amended Civil Rights Complaint, Plaintiff claims he was a customer at the Home Depot in Brentwood, Missouri at 7:30 a.m. on October 30, 2018. (Am. Compl. ¶ 5, ECF No. 23) He alleges assistant manager Defendant Jaimie Pennington followed Plaintiff through the store and alerted other store employees to also watch and follow Plaintiff. (*Id.* at ¶ 6) Plaintiff contends these actions were based on racial animus toward Plaintiff, who is an African-American male. (*Id.* at ¶ 7) Further, Plaintiff alleges Defendant Pennington notified the Brentwood Police that Plaintiff pushed a cart of unpurchased merchandise out of the store, which Plaintiff claims was false. (*Id.* at ¶¶ 9-10) He claims the police stopped, searched, and seized him and his vehicle, and Defendant Pennington used racial epithets against Plaintiff and wrongly accused him of shoplifting. (*Id.* at ¶¶ 10-13) Plaintiff further alleges Defendant Home Depot is under the leadership of a racist individual and has a custom and policy of failing to hire, screen, and supervise employees who can perform their duties without racial discrimination. (*Id.* at ¶¶ 14-15)

With respect to the City of Brentwood, Plaintiff contends Brentwood Police Officers John Does 1 to 3 conducted an illegal search and seizure without probable cause and unlawfully detained Plaintiff. (*Id.* at ¶¶ 16-18) According to Plaintiff, he did not possess any stolen merchandise but was accused of taking the merchandise back into the store. (*Id.* at ¶¶ 19-24) The officers did not look at the available video recording, but Plaintiff was not charged with any crime. (*Id.* at ¶¶ 25-28) Plaintiff further avers Defendant officers searched for Plaintiff's vehicle, which was parked in McDonald's parking lot and contained an African-American female passenger, who was arrested. Plaintiff was also arrested pursuant to an arrest warrant. (*Id.* at ¶¶ 29-40)

Plaintiff brings claims against Defendants Home Depot, Jaimie Pennington, City of Brentwood, and Officers John Doe 1 to 3 (collectively "Defendants") for violations of his Civil/Constitutional Rights (Count 1); violations of his Fourth Amendment rights (Counts 2 and 3); violations of his Fifth Amendment rights (Count 4); violations of his right to Equal Protection (Count 5); violations of his rights under 42 U.S.C. § 1985(2) (Count 6); violations of his rights under 42 U.S.C. § 1986 (Count 7); conspiracy state tort (Count 8); and false arrest/imprisonment (Count 9). (*Id.* at ¶¶ 44-94)

On November 18, 2019, Defendants filed motions to dismiss Plaintiff's Amended Civil Rights Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 24, 26) Plaintiff did not respond to the motions to dismiss, and on February 19, 2020, the Court issued another Order to Show Cause ordering Plaintiff to "show cause, in writing and no later than March 5, 2020, why he has failed to respond to Defendants' Motions to Dismiss." (ECF No. 30) The Order also stated, "[f]ailure to comply with this Order may result in dismissal of Plaintiff's claims against Defendants." (*Id.*) The Clerk of the Court

3

mailed the Order, along with Defendants' motions to dismiss and supporting memoranda, to Plaintiff at his last known address via UPS and regular mail. However, on March 3, 2020, UPS returned the mail as undeliverable because the receiver moved, and on March 6, 2020, the U.S. Postal Service returned the mail as undeliverable and unable to forward. (ECF Nos. 31, 32)

Thereafter, on March 19, 2020, Defendant City of Brentwood filed the present Motion to Dismiss for Failure to Prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 33) Defendants Home Depot and Jaimie Pennington joined the motion on March 24, 2020. (ECF No. 35) The motions and memorandum in support were sent to Plaintiff at his last known address.

## II. Legal Standard

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless the order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.* "Because dismissal with prejudice is an extreme sanction, it should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint. *Devoto v. Corizon, Inc.*, No. 2:13CV00019 ERW, 2014 WL 294326, at *3 (E.D. Mo. Jan. 27, 2014)) (citation omitted); *see also Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). "The district court need not find that the party acted in bad faith, but only that [he] acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (citation omitted).

4

### III. Discussion

The Court is aware of the liberal pleading standards afforded to *pro se* litigants. *See In re Cook*, 928 F.2d 262, 263 (8th Cir. 1991). However, in the instant case, Plaintiff has failed to comply with Orders of this Court, including filing timely responses to two Orders to Show Cause. In the Orders to Show Cause, the Court advised Plaintiff that "even though he is proceeding as a *pro se* litigant, he 'must comply with court rules and directives.'" (ECF Nos. 14, 30) (quoting *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)). The most recent Order to Show Cause dated February 19, 2020, directed Plaintiff to show cause no later than March 5, 2020 why he failed to respond to Defendants' Motions to Dismiss. As of this date, Plaintiff has not complied with the Court's Order.

Further, Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri provides, "each party opposing a motion . . . must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B). Here, Defendants have filed 3 sets of motions to dismiss,[2] and Plaintiff failed to timely respond to any said motion.

In addition, under Local Rule 2.06, "[e]very self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number. If any mail to a self-represented plaintiff . . . is returned to the Court without a forwarding address and the self-represented plaintiff . . . does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." E.D. Mo. L.R. 2.06(B). In the instant case, UPS mail was returned as

---

[2] As set forth above, Defendants filed motions to dismiss Plaintiff's original complaint (ECF Nos. 5, 12), motions to dismiss Plaintiff's amended complaint (ECF Nos. 24, 26), and the present motion to dismiss for failure to prosecute (ECF No. 33).

undeliverable on March 3, 2020, and USPS mail was returned as undeliverable on March 6, 2020. The Court notes over 30 days have passed since Plaintiff's mail was returned to the Court without a forwarding address or without notification of a change of address from the Plaintiff.

Defendants assert Plaintiff "has displayed a pattern of conduct and disregard for the rules and orders of this Court." Thus, Defendants ask the Court to dismiss Plaintiff's Amended Civil Rights Complaint with prejudice on the basis that Plaintiff has willfully and consciously failed to act on his claim, causing prejudice to Defendants. The Court agrees dismissal of this action for failure to prosecute and failure to comply with court orders is warranted. *See Devoto*, 2014 WL 294326, at *3 (dismissing plaintiff's complaint with prejudice for failure to prosecute where the plaintiff failed to respond to discovery requests, ignored defendant's motion to dismiss, and failed to respond to the court's order to show cause why the motion to dismiss should not be granted). However, "[e]ven when dismissal with prejudice is supported by the facts, the 'ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Rodgers v. Curators of the Univ. of Mo.,* 135 F.3d 1216, 1222 (8th Cir.1998)). Such a drastic remedy should be exercised sparingly. *Id.* (citation omitted).

Here, the Court notes Plaintiff has failed to respond to several motions to dismiss, failed to respond to Orders to Show Cause, and failed to comply with the Court's local rules. The case has been pending for nearly a year, and Plaintiff has not advanced his case in any meaningful way, prejudicing Defendants and impeding the Court's ability to manage its docket. However, the focus of Rule 41(b), "is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." *Burgett v. Gen. Store No Two Inc.,* 727 F. App'x 898, 900 (8th Cir. 2018). While

dismissal is appropriate, due to the extreme nature of the sanction of dismissal with prejudice, and in the absence of clear evidence of plaintiff's willful disobedience to the Court's orders, the dismissal will be without prejudice. *See Nelson v. Missouri Dep't of Corr.,* No. 4:06-CV-1593 CAS, 2007 WL 2669109, at *5 (E.D. Mo. Sept. 6, 2007); *see also Leach v. Waterway Car Wash*, 217 F. App'x 571, 572 (8th Cir. 2007) (finding district court's order of dismissal should be modified to dismiss the *pro se* action without prejudice where the plaintiff's conduct did not rise to the level of willful disobedience or intentional delay).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Brentwood's Motion to Dismiss for Failure to Prosecute (ECF No. 33), joined by Defendants Home Depot and Jaimie Pennington, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Home Depot and Jaimie Pennington's Partial Motion to Dismiss Amended Civil Rights Complaint (ECF No. 24) and Defendant City of Brentwood's Motion to Dismiss (ECF No. 26) are **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that Plaintiff's Amended Civil Rights Complaint is **DISMISSED** without prejudice for failure to prosecute or otherwise comply with Orders of this Court. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of April, 2020.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE